This pro se action, involving plaintiffs numerous claims against the National Aeronautics and Space Administration (NASA) and the Civil Service Commission (CSC) allegedly arising from various employment actions taken by those agencies, is now before the court on defendant’s motion for summary judgment and plaintiffs cross-motion for summary judgment.
Plaintiff, whose allegations we accept as true for purposes of his pro se opposition to this motion for summary judgment, states that he began employment with NASA on November 1, 1965, as a GS-14, expressly for assignment to Bermuda. In July 1967, he became Acting Station Director. In April 1968, plaintiff officially assumed the position of Station Director which, although rated for him as a GS-14 position, had virtually the same job description as it had had when it was filled by the previous Station Director then rated as a GS-15 position. (Plaintiff also notes that all other Station Director billets within NASA were GS-15 positions.)
In June 1970, soon after plaintiff had appealed his billet’s classification to the CSC, he was ordered to report to the Goddard Space Flight Center in Greenbelt, Maryland. Plaintiff protested this move on July 9,1970, by filing *709 an adverse action appeal with the CSC, but nevertheless completed his move to Greenbelt by September 1, 1970.
Despite the fact that the CSC acted favorably on his adverse action appeal, and despite the fact that he was promoted to GS-15 (effective the day after his adverse action appeal) and assigned to a position with a GS-15 rating at Greenbelt, plaintiff remained unsatisfied. After numerous alleged attempts, directed at both NASA and the CSC, to have his promotion backdated even further to September 1967 and to gain reassignment to Bermuda as Station Director, plaintiff, in a petition dated October 26, 1976, filed in this court the action now before us.
This pro se plaintiff, in his well-prepared, thoroughly documented written submissions, and in his excellent oral argument, has raised before this court the interesting issue of whether his difficulties with the defendant really stemmed from a "classification action,” or whether something more sinister was involved. We find that we cannot reach that issue because plaintiffs entire action is barred by this court’s six-year Statute of Limitations. 28 U.S.C. §2501 (1970).
Plaintiff, although making no jurisdictional allegation for his monetary claims, apparently bases his request for relief in the form of back pay on 28 U.S.C. §1491.[1] In order to come within the provisions of this Section and avoid the bar of the Statute of Limitations, plaintiff must show that he has a claim for money damages (back pay) which arose not more than six years previous to the October 26, 1976 date on which he filed his suit.
Unfortunately for plaintiff, the facts he has alleged demonstrate clearly that any possible cause of action he might have[2] first accrued either in 1967, when he was assigned as Acting Director, or in 1968, when he assumed the duties of Station Director.[3] In addition, these facts show that the last date plaintiff was paid as only a GS-14 *710 (allegedly improperly) was July 9, 1970. He received full pay as a GS-15 from that date forward.
Thus, because the entire period for which plaintiff seeks back pay is outside the six-year Statute of Limitations established by 28 U.S.C. §2501 (1970), and because nothing has tolled the running of the Statute as to this time period,[4] we must conclude that plaintiffs cause of action is barred by that statute. See, e.g., Williams v. United States, 193 Ct.Cl. 440, 434 F.2d 1346 (1970); Friedman v. United States, 159 Ct.Cl. 1, 310 F.2d 381 (1962), cert. denied, 373 U.S. 932 (1963).
it is therefore ordered, upon consideration of all the submissions on the parties’ cross motions for summary judgment, and after oral argument, that defendant’s motion for summary judgment is granted, plaintiffs cross-motion for summary judgment is denied, and plaintiffs petition is dismissed.

 The other relief which plaintiff now seeks, such as reinstatement to his position in Bermuda, could be granted only incident to our granting the money damages which plaintiff claims as back pay. See P.L. 92-415, 86 Stat. 652, codified at 28 U.S.C. § 1491 (Supp. V 1975).

 And to recover even on this "possible” claim, plaintiff would have to overcome the Government’s substantial argument, based on United States v. Testan, 424 U.S. 392 (1976), that this claim is, in actuality, a "classification” matter over which we have no jurisdiction.

 Because plaintiffs claim fails, in any event, on the Statute of Limitations, we need not now decide whether he may at one time have had a valid cause of action or when it may have accrued.

 The administrative appeals filed by plaintiff, combined for action by the CSC with the knowledge and apparent consent of plaintiff, affected only claims from the date of filing of the appeals forward. Since the agency could not have acted retroactively to award plaintiff recovery on claims prior to July 9,1970, see, Federal Personnel Manual, Chapter 511, § 7-la, -3a, these appeals could not fairly be said to have preserved those prior claims by tolling the Statute as to them. See, e.g., Friedman v. United States, 159 Ct.Cl. 1, 9-11, 310 F.2d 381, 386-88 (1962), cert. denied, 373 U.S. 932 (1963).